IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEWEY WHITMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-190-SLR |
| | ) |
| MICHAEL J. ASTRUE,[1] | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of August, 2007, having reviewed defendant's motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and plaintiff's response thereto;

IT IS ORDERED that said motion (D.I. 22) is denied, for the reasons that follow:

1. **Introduction.** On March 21, 2005, plaintiff Dewey Whitmore filed suit against defendant, the Commissioner of the Social Security Administration, seeking review of defendant's decision to deny him supplemental security income under the Social Security Act. (D.I. 2) The parties then filed cross-motions for summary judgment. (D.I. 12, 15) On January 9, 2007, the court denied defendant's motion and granted summary judgment for plaintiff (D.I. 19); a final judgment was entered on January 16, 2007 (D.I. 21). Defendant has moved to alter or amend the judgment under Fed. R.

---

[1]On February 12, 2007, Michael J. Astrue replaced former defendant Jo Anne B. Barnhart as Commissioner of Social Security. Any actions taken by former defendant Barnhart, therefore, are attributable to Commissioner Astrue ("defendant").

Civ. P. 59(e), requesting that the court vacate its previous ruling and grant summary judgment in defendant's favor. (D.I. 22)

2. **Standard of Review**. Rule 59 permits the filing of a motion to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of such a motion is to correct manifest errors of law or fact or to present newly discovered evidence. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985). A court may alter or amend its judgment if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

3. A motion to alter or amend judgment is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Altering or amending a judgment may be appropriate, however, where "the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted). See also D. Del. LR 7.1.5.

2

4. **Discussion**. Defendant does not contend that there has been a change in the controlling law or that new evidence has come to light; instead, he argues that the court "exceeded the permissible scope of judicial review by re-weighing the evidence of record in order to find that [p]laintif was disabled, rather than considering if the [ALJ's] decision . . . was supported by substantial evidence." (D.I. 23 at 2) In addition, defendant claims, the court made "the following three substantive errors: (1) the [c]ourt did not adhere to the statutory standard of review; (2) the [c]ourt cannot give 'controlling weight' to any opinion of disability; [and] (3) the [c]ourt cannot reverse for an award of benefits absent compelling evidence of disability." (Id., citing D.I. 18 at 26-27)

5. The record in the case at bar contains over 250 pages of medical records spanning an approximately 21-month period from June 24, 2002 to March 29, 2004. (See D.I. 10 at 140-397) As one would expect in a collection of documents chronicling almost two years' worth of doctor visits, tests, and evaluations, plaintiff's medical records contain some internal inconsistencies. Despite this, upon reviewing the record and the parties' cross-motions for summary judgment, the court believed that both defendant and the ALJ had failed to adequately support their respective determinations that plaintiff was not disabled. The court's opinion on that matter has not changed; consequently, defendant's motion to alter or amend the judgment will be denied.

6. In briefing his motion to alter or amend the judgment, defendant has done a more thorough job of supporting his arguments through specific citations to the record.[2]

---

[2] Defendant contends that, "[c]ontrary to the court's finding, . . . the record show[s] no debilitating limitations that [are] well-supported medically"; moreover, he argues that the court, in granting summary judgment for plaintiff, found "[p]laintiff's alleged limitations of disabling pain and fatigue. . . . to be credibly established by

3

Based on that fact, as well as the court's prior holding that the ALJ's hypothetical question to the vocational expert was flawed (D.I. 18 at 24-25, 27),[3] the court will

---

crediting only selective portions of the medical record." (D.I. 23 at 6) In support of this argument, defendant has cited numerous "examples of evidence [that] conflict[] with [p]laintiff's alleged limitations of disabling pain and fatigue." (Id.) While it is unnecessary to address each of these "examples of evidence" (many of which are worthy of consideration), the court notes that several of defendant's propositions are less than persuasive. One such instance involves defendant's statement that "[p]laintiff began complaining of fatigue when doing anything physical only after his sinusectomy in February 2004." (Id. at 7, citing D.I. 10 at 334) The record, however, indicates that, on March 18, 2003, plaintiff "state[d] he was working around his house this [morning] not doing much and now [felt] tired and weak." (D.I. 10 at 287)

Defendant also contends that, "[f]rom May through September 2003, there were no complaints of fatigue documented" by Dr. Berg. (D.I. 23 at 7, citing D.I. 10 at 234-46, 364-69) The record, however, contains a report from May 6, 2003 that, in accordance with information provided by plaintiff and reviewed by Dr. Berg, has check marks next to several different symptoms, one of which is "fatigue." (D.I. 10 at 248) In reports dated September 15 and 29, 2003, Dr. Berg noted that plaintiff's "general malaise [was] still the same," and that plaintiff had "general malaise and fatigue." (Id. at 360, 358) In addition, plaintiff's other doctors made reference to "fatigue" on three separate occasions during the period between June 24 and August 8, 2003. (Id. at 208, 284, 281).

[3]For instance, the court noted that,

> [a]lthough the crux of plaintiff's disability claim is that he suffers from severe and near-constant pain in his head (to which he attributes other ailments such as extreme fatigue), the ALJ's hypothetical question made reference only to the functional limitations identified by the State agency medical consultants and "certain underlying impairments" that "limit[ed] [plaintiff] to working at a medium level of exertion." At no point in her hypothetical question to [the vocational expert] did the ALJ mention that plaintiff had been complaining of disabling headaches and fatigue for years.

(D.I. 18 at 24-25, quoting D.I. 10 at 44) The court found that, "[b]ecause the ALJ failed to elicit the vocational expert's opinion on the potential effects of said nonexertional limitations, her hypothetical question was 'deficient.'" (Id. at 27)

4

remand the case at bar for further administrative review.[4]

7. **Conclusion.** For the reasons stated above, defendant's motion to alter or amend the judgment (D.I. 22) is denied, and the case at bar is remanded for further consideration.[5] The court will reserve judgment on plaintiff's motion for attorney fees (D.I. 20) pending defendant's response to said motion, which shall be filed on or before August 30, 2007.

                                                     /s/ _____
                                                  United States District Judge

---

[4]On January 12, 2007, shortly after the court granted summary judgment in his favor, plaintiff filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (D.I. 20) That statute provides, in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . , incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "The Supreme Court has defined substantial justification under the EAJA as 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" Morgan v. Perry, 142 F.3d 670, 683 (3d Cir. 1998) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "[T]he government's position is substantially justified 'if it has a reasonable basis in both law and fact.'" Id. at 684 (quoting Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993)). "The government has the burden of establishing that there is substantial justification for its position." Id. (citation omitted). Defendant has not filed a response to plaintiff's motion for attorney fees; he is hereby ordered to submit such a response no later than August 30, 2007, and the court will reserve decision on this motion until that time.

[5]The court notes for the record that, according to a brief filed by plaintiff on January 25, 2007, "in February 2005 the [p]laintiff re-applied for disability benefits and those disability benefits have been granted. He has been receiving disability benefits since February 2005 up until the present. At the present time, he receives $623.00 per month." (D.I. 24 at ¶ 5) Plaintiff recognizes, however, that if he ultimately is awarded benefits in connection with the case at bar, "no retroactive benefits would [be] granted [for] that time period [after February 2005]." (Id. at ¶ 6)

5